DEMARRIAS et al, Respondents, v. BURKE, Appellant (Israelson, Intervenor).

(210 N. W. 198.)

(File No. 5544.    Opinion filed October 7, 1926.)

1. Parties—One Acquiring Rights of Plaintiff in Subject-Matter of Controversy Held Substituted Party, Not Intervener.

Where plaintiff sued to quiet title, and before trial conveyed property, subsequent purchaser asking to have judgment for defendant set aside and attempting to intervene is substituted party for plaintiff, whose rights she has acquired, and is not an intervener.

2. Judgment—Parties—Court in Vacating Judgment for Defendant and Allowing Substituted Party for Plaintiff to Put in Complaint, Did Not Abuse Discretion.

Where plaintiff sued to quiet title, and before trial conveyed property to one who subsequently conveyed to another, who sought to intervene to protect her claim, it was not abuse of discretion to set aside judgment for defendant and allow subsequent purchaser to put in complaint, although she was erroneously designated intervener, when in fact, a substituted party plaintiff.

Note.—See, Headnote, A m e r i c a n  Key-Numbered  Digest, Parties, Key-No. 38, Pleading, 31 Cyc. 513 (Anno); (2) Judgment, Key-No. 357, 34 C. J. Sec. 505 (Anno.), Parties, Key-No. 60, Pleading, 31 Cyc. 487 (Anno).

Appeal from Circuit Court, Marshall County; Hon. B. A. Walton, Judge.

Action by F. J. Demarrias and another against H. Burke and others. Judgment for defendants. From an order vacating judgment and permitting N. M. Israelson to intervene, defendants appeal. Affirmed.

*Jorgenson & Anderberg,* of Sisseton, for Appellants. ·
*Babcock & Babcock,* of Sisseton, for Respondents.

DILLON, J. This case was originally commenced on December 2, 1919, by an action entitled J. F. Demarrias and Sarah Demarrias v. H. Burke. Plaintiffs failed to appear, and the case was finally tried pursuant to stipulation in July of 1922. Judgment was rendered in the circuit court of Marshall county on August 3, 1922.

From the complaint in intervention, filed by the intervener herein, it appears that on November 25, 1921, the plaintiffs in the above-entitled action conveyed the land in question to one A'. W. Thompson, who, on December 5, 1921, conveyed said land to said intervener; that said intervener learned of the entry of judgment against said plaintiffs in the fall of 1922, and immediately applied to the court for leave to intervene and protect her claim to the land. At the hearing of this motion both defendant Burke and intervener were represented, and the court, after taking the matter under advisement, made an order on January 31, 1921, vacating and setting aside the findings of fact, conclusions of law, and judgment in favor of Burke in said action, and permitting intervener to file her intervention complaint and prosecute her claim in the land. Said intervener duly filed her complaint, and, on Sep-

tember 4, 1923, defendant Burke moved the court to vacate and set aside its order of January 31, 1923, and supported said motion by an affidavit to the effect that counsel for defendant Burke had received a copy of the order of January 31, 1923, on June 20, 1923. This motion was denied, and on December 3, 1923, defendant Burke perfected an appeal to this court from the order of the lower court made on the 31st of January, 1923.

It is the contention of appellant that the trial court was without authority to permit an intervention after judgment, and allow parties to litigate the matter.

[1] From the recitals above set forth, it clearly appears that the so-called intervener, N. M. Israelson, was not an intervener at all, but was in effect merely a substitute party for the plaintiffs, whose rights she had acquired.

[2] From a consideration of the record, it does not appear that the trial court abused its discretion in entering the order appealed from, although it was mistakenly designated as an order permitting intervention.

The order appealed from is affirmed.